UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLEISURE, LLC,

        Plaintiff,

v.

ACE EVERT, INC.,

        Defendant.

CIVIL ACTION NO.
1:12-CV-1260-CAP

# **O R D E R**

This matter is before the court on the defendant's "agreed" motion for extension of time [Doc. No. 33] to file its opening claim-construction brief and evidence, as required by Patent L.R. 6.5. Claim construction briefs were due on November 1, 2012. *See* [Doc. No. 13 ¶ 10(i)]. The defendant, with consent of the plaintiff, asks for the deadline to be extended to November 16, with responsive claim construction briefs due on December 4. The defendant's motion [Doc. No. 33] is GRANTED. The plaintiff, however, has already filed a document (with exhibits) styled as its "claim construction brief" [Doc. No. 32]. The court considers this filing inadequate.

This court requires each party to a patent infringement action to file "an opening *brief* and any evidence supporting its claim construction." Patent

L.R. 6.5 (emphasis added). The problem with the plaintiff's filing is that it is not a "brief" in the sense most lawyers use the word, connoting argument supported by legal authority. The plaintiff's filing would more accurately be described as a "List of claim terms, phrases or clauses" related to the patents at issue, *see* [Doc. No. 32, at 1], along with bulleted listings of extrinsic and intrinsic evidence the plaintiff believes supports its proposed constructions. But the plaintiff provides no law—it cites not one statute or case—to explain to the court how it should interpret its claims or apply the supplied intrinsic and extrinsic evidence. While these terms may be second nature to the plaintiff's patent counsel, they are not to this generalist court.[1]

Accordingly, the plaintiff is directed to file a new, properly supported claim construction brief and any evidence supporting its claim construction on the same dates as requested in the defendant's motion for extension of time.

**SO ORDERED** this 8th day of November, 2012.

/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

---

[1] To the extent plaintiff's counsel believed it would provide the legal context and argument necessary at a *Markman* hearing, Patent L.R. 6.6 provides that such hearings are only conducted if the court believes it is necessary to construe the claims.