UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLEISURE, LLC, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:12-CV-1260-CAP |
| ACE EVERT, INC., | |
| Defendant. | |

**O R D E R**

On November 5, 2012, the plaintiff filed a motion for preliminary injunction [Doc. No. 34]. The next day, the clerk's office modified the docket entry to note that it was "filed in error" with the incorrect PDF attached. The plaintiff was instructed to re-efile the motion. *See* Docket Notation for November 5, 2012. The clerk's office terminated the pending motion for injunction. A week later, the plaintiff re-filed the preliminary injunction motion on November 13 [Doc. No. 36].

On November 29, the plaintiff filed a "Notice of Filing Proposed Opinion and Order to Plaintiff's Motion for Preliminary Injunction." [Doc. No. 39]. This notice informed the court that the original motion, filed November 5, was "fully-briefed and ripe for ruling" because if the defendant wanted to

oppose that original motion, then "its response was due November 26, 2012." The plaintiff attached a proposed order to grant the November 5 motion, supposedly unopposed under LR 7.1(B), NDGa. The defendant promptly filed a counter-notice [Doc. No. 40] asserting that the time for it to respond to the November 13 motion had not run, so the court should not consider the motion unopposed. The plaintiff then filed yet another notice stating that "the Court notified Plaintiff that despite adding the motion to the brief on November 13 . . ., Defendant's time for response began with the November 5th date,"[1] and "Local Rule 7.1 B does not provide an extension when errors are corrected and the substance of the documents remains unchanged." *See* [Doc. No. 41, at 1].

      Both parties are instructed to stop filing notices regarding this issue. First, the court is capable of determining—without the plaintiff's assistance—when motions before it are ready for review. Second, the plaintiff's first notice itself contains an incorrect calculation of the due date for the defendant's response, so the court has even less reason to rely on the plaintiff's counsel's advice as to when it should rule on the preliminary injunction. Third, even if the defendant's time to respond had run, the court

---

[1] The plaintiff provides no record of the court's notice providing this information.

is highly unlikely to grant a motion for preliminary injunction as soon as the defendant's time to respond has run, simply because the motion is unopposed.

Whatever time the defendant may have had to respond to the plaintiff's motion for preliminary injunction [Doc. No. 36], for the sake of clarity the court hereby ORDERS that the defendant may file a response in opposition to the motion no later than November 30, 2012. The plaintiff's reply, if any, will be due according to this court's local rules.

**SO ORDERED** this 30th day of November, 2012.

<u>/s/Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge