IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLEISURE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ACE EVERT, INC.<br><br>    Defendant. | CIVIL ACTION<br>NO. 1:12-cv-01260-CAP |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION REGARDING CLAIM CONSTRUCTION ('492 PATENT)

Unfortunately, ATLeisure has lead the Court into conspicuous error in its *Markman* determination on the '492 patent[1]. Specifically, ATLeisure has induced the Court to adopt an undefined and erroneous *Markman* claim construction [i.e., either (i) "all devices", or (ii) "its ordinary meaning"] for a means-plus-function claim element.

As discussed below, such claim construction(s) would conflict with the developed law and the pronouncements of the leading *Ishida* case, in particular.

---

[1] Ace Evert respectfully reserves the full compendium of its rights on appeal with respect to the Court's *Markman* rulings on each of the '492, '015, and '882 patents.

1

## I.     The Methodology of the Error

Regrettably, ATLeisure's technique in misleading the Court was serial:

1. in its claim construction letter, to propose a claim construction for a means-plus-function element that would include **every** (i.e. "any device…") means (or structure) for carrying out the function;

2. in its opening *Markman* brief, to say **absolutely nothing** about this obviously erroneous attempted construction (i.e., "any device" that would carry out a locking function);

3. in its second brief, again to say **nothing** about its own claim construction proposal, but instead to criticize Ace's claim construction (knowing that Ace would not get a Reply Brief); and

4. therein, to misrepresent the established law to the Court.

## II. ATLeisure's Claim Construction Violates the Statute

ATLeisure presented to the Court the following proposal for a claim construction:

> "**ATLeisure's Construction -** *any device* that secures the sliding member to the main pole." (emphasis added) (See ATLeisure's claim construction letter, pursuant to LPR 6, and filed with the Court as Doc. 31-1 filed 10/5/2012).

The Court may have (and/or appears to have) adopted ATLeisure's proposal, with the statement:

> Thus, the Court agrees with ATLeisure, and the term "locking means" should be afforded its ordinary meaning consistent with § 112 ¶ 6.  Doc. 85, filed 5/20/2013, page 15.

Thus, there is created a question of ambiguity as to which construction the Court has actually adopted, and presumably will read to the jury:

1. **_"any device_** that secures the sliding member to the main pole," or

2. "its ordinary meaning".

But neither of these constructions is correct, as neither complies with the statue and the developed case law.  Moreover, the Court has not "construed" the claim term, despite the Court's acknowledgment that means-plus-function terms "shall be <u>construed</u> to cover the corresponding structure, material, or acts described in the [patent's] specification and equivalents thereof." (emphasis added)  35 U.S.C. § 112 ¶ 6 (2006).

### III. ATLeisure's Claim Construction Conflicts With the Model Patent Jury Instructions.

The Federal Circuit Bar Association Model Patent Jury Instructions (rev. February, 2013) (See Exhibit A hereof), dealing with the topics under

"B2.  Claim Construction", and specifically (a) "Claim Interpretation", and

(b) "Section 112, Paragraph 6", provide:

> Where claims include means-plus-function requirements:
>
> Claim [ ] uses the phrase "means for [function]."  This "means for" phrase has a special meaning in patent law. It is called a "means-plus-function" requirement.  **It does not cover all of the structures that could perform the function set forth in the claim, namely, "[function]."**[2] Instead, it covers a structure or a set of structures that performs that function and that is either identical or "equivalent" to [at least one of] the [set(s) of] structure(s) described in the [ ] patent for performing that function. The issue of whether two structures are identical or equivalent is for you to decide.  I will explain to you later how to determine whether two structures or two sets of structures are "equivalent" to one another.  For purposes of this case, **I have identified**[3] **the [set(s) of] structure(s) described in the [ ] patent that perform(s) the function of "[function]."  [Claims [] also include similar means-plus-function requirements.]  When I read you my definitions for certain claim terms a few moments ago, I identified the structures described in the [ ] patent for performing the relevant functions. You should apply my definition of the function and the structures described in the [ ] patent for performing it as you would apply my definition of any other claim term.**  (Emphasis added).

Federal Circuit Bar Association Model Patent Jury Instructions, page 16 (rev. Feb. 2013)

---

[2] Wherefore, ATLeisure's "any device" proposed construction is flatly wrong.

[3] As pointed out above, the Court's adopted construction unfortunately does not make this required identification.

Thus, it is clear that

a. ATLeisure's "any device" proposed instruction is contrary to the Model Patent Jury Instructions, and contrary to the statute, and specifically because a means-plus-function element "…does not cover all of the structures that could perform the function set forth in the claim, namely, "[function]." *Id.* ; and

b. the Court's claim construction of "its ordinary meaning"

   (i) cannot be used in a means-plus-function claim, and

   (ii) does not instruct the jury as to the requirement for the Court to have "identified the structures described in the ['492] patent for performing the relevant functions"; and furthermore thus

   (iii) misleadingly implies to the jury that "any device" for carrying out the stated function is supposedly covered by this means-plus-element of the claim, which is incorrect as a matter of law.

### IV. The Federal Circuit Will Not Permit ATLeisure's Misrepresentative Argument

The *Ishida* case is directly in point. *Ishida v. Taylor,* 221 F. 3rd 1310 (Fed Cir. 2000). There, as here, the element to be construed was a means-plus-function element, and the Specification contained several inconsistent

5

and mechanically different mechanisms for carrying out this disclosed function. Contrary to ATLeisure's argument to the Court here, the Federal Circuit held that "one-size does <u>not</u> fit all" – i.e., that to attempt to "shoe-horn" a single claim construction to cover all of the different disclosed embodiments would have been nonsensical.

Here, ATLeisure (in its unexamined Reply Brief) argued precisely contrary to the prevailing law that:

> **"Defendant seeks to limit the construction of this phrase to only one of the embodiments disclosed in the specification."** (bold in original).

Well, of course, experienced patent counsel had done so. Where, as here, the Specification discloses several, mechanically different structures that correspond to a single means-plus-function element, the only rational way of achieving a usable and correct claim construction is to give **<u>separate claim constructions for each different embodiment of the means-plus-function element</u>**. Thus, that is precisely what Ace Evert did. As the Federal Circuit stated in the case of *Ishida:*

> Taylor argues that the district court should have crafted a single claim construction that would encompass all the embodiments of the invention as shown in the specification. The district court construed paragraph [A] of the claim under § 112 ¶ 6. After identifying the function of the claim element as "stripping and sealing," the district court consulted the specification to find the

corresponding structure. <u>The specification depicted two separate embodiments that performed the claimed function, and the two embodiments were structurally very different.</u> The district court did not attempt to craft a single claim construction to cover both embodiments. The impossibility of such a task is exemplified by this technology, in which embodiment 1 of the '917 patent features cam tracks, while embodiment 2 has no cam tracks. **<u>A single claim construction that would encompass all the illustrated embodiments of the invention would have had to be so broad as to describe systems both with and without such a basic structural element as a cam track. Thus, a rule requiring the district court to formulate a single claim interpretation in this case would defeat the notice function of claims, since a skilled artisan attempting, e.g., to design around the patent would have no way to know whether a single claim interpretation that encompassed both embodiments would include cam tracks or not.  Thus, the claims would give no notice of their limits</u>**. (emphasis added)

*Ishida,* 221 F.3rd at 1316.

So it is here.  Hence, ATLeisure's carefully measured technique of arguing to the Court appears to have been intended to mislead the Court – i.e., unfairly to shut down the opposing, corrective argument that would have correctly advised the Court -- and did in fact materially mislead the Court. Whereupon, and in reliance upon ATLeisure's misdirective representations to the Court on the supposed law, the Court was induced to state, in error:

> Ace's proposed interpretation of the term would require elements of the locking means that are not present in some of the disclosed embodiments, **so it cannot be the correct.** *See* Pl.'s Resp. to Def.'s Cl. Construction Br.

7

> 12 [Doc. No. 45] ("For example, Fig. 4 does not have a spring-loaded latch pin. Nor, [sic] is the pin at the bottom. Further, in Fig. 8, the device uses a plurality of ratchet teeth."). Instead, Ace appears to have focused on one alternative embodiment of the invention (from Figure 7), ignored the other embodiments, and then added limitations to the claims to suit its non-infringement contentions.³
>
> ³ For example, Ace contends it does not need to provide "additional constructions" with regard to the other embodiments because they "do not correspond to any *accused structure*." Def.'s Cl. Construction Br. 21 n.3 [Doc. No. 38] (emphasis added).
>
> Whereupon, the Court concluded, in yet further error:
>
>> **<u>Ace's definition of locking means impermissibly eviscerates disclosed embodiments from the specification and imports limitations made up whole cloth.</u>** Thus, the court agrees with ATLeisure, and the term "locking means" should be afforded its ordinary meaning consistent with § 112 ¶ 6. (emphasis added; footnote in original).
>
> Doc. 84, filed on 5/20/2013.

And, so it was that the Court had been mislead by ATLeisure's evisceration of the prevailing law -- and with it ATLeisure's claim construction constructed of whole cloth.

To reiterate, there was no reason for Ace to trouble a busy Court for two (2) additional and/or separate constructions corresponding to the two (2) embodiments that are not alleged to be infringed (i.e., the embodiments of

Figs. 4 and 8) – and thus which constructions would never be used in the case. The Federal Circuit in *Ishida* clearly contemplated the converse of this situation in commending the District Court for providing the two separate *Markman* claim constructions necessary there for the two separate embodiments that corresponded to the single means-plus-function element -- and <u>that would be used in the case</u> -- and accordingly stated:

> Construing the claim "to cover the corresponding structure, material, or acts described in the specification or equivalents thereof," as required by § 112 ¶ 6, the district court identified the structures corresponding to the stripping/sealing means individually for each embodiment:
>
> *For Embodiment 1* [Figure 2]: the four heads 14, the outer ends of two rotatable arms 15, the two stripper bars 22, the four telescoping carriages 17, the four arms 19, the four pivot pins 20, the four springs 18, the four cam followers 26 and the four cam tracks 23.
>
> *For Embodiment 2* [Figure 4]: two seal jaws with knife assemblies 46, the outer ends of two rotatable arms 45, two stripper bars 49 and 50, two pivotable members 53 and two pivotable members 55, two supports 47 and two supports 48, four spring loaded pivot assemblies 57 and four plug and socket members 58 and 59.

*221 F. 3rd at 1314.*

In the promotion of judicial efficiency, to conserve the trial resources

of a fully laden Court, and to eliminate unnecessary issues before the Federal Circuit, these several errors in claim construction should now be remedied.

Wherefore, Ace Evert respectfully suggests that, consistent with the *Ishida* pronouncement, and in compliance with the statute, the following structure (as taken directly from the words of the '492 patent-in-suit) be identified to the jury as corresponding to the present means-plus-function element:

> *For Asserted Embodiment.* [Figure 7]: "a spring-loaded latch pin **120** mounted to the sliding member **116** that engages one of a corresponding series of holes **122** in the main pole **114**. To move the sliding member **116** from one location on the main pole **114** to another, the user extracts the latch pin **120** until it disengages the hole, slides the sliding number upward or downward to a desired new location, and engages the latch pin with a new one of the series of holes **122**".

('492 patent, Col. 4, lines 12-20).

In the instructive words of the Federal Circuit:

> "The trial court did not err by declining the invitation to articulate a single claim interpretation consonant with all structures in the specification corresponding to claimed functions. The district court properly identified "the corresponding structure[s]" for each embodiment as required by § 112 ¶6 **by repeating in words the structures that the patentee had himself already defined in words and pictures.** *Id.* at 1316.

And, thus, the Court should do likewise here.

## Conclusion

Counsel respectfully regrets the necessity to file the present motion to request reconsideration – in which inherently it must be pointed out that the Court has been lead into material error.  However, and as the Court is aware, counsel's duty to the Court includes the diligent representation of the client's interest.  Moreover, counsel's duty to the Court further includes the duty to seek to avoid waste of the Court's trial time and the generation of unnecessary appellate issues, and particularly where (as here) the governing Federal Circuit authority is directly in point.

Wherefore, the present motion for reconsideration should be granted, and the same is respectfully requested.

Respectfully submitted, this 21[th] day of May, 2013,

/s/ *RM Ward*
Robert M. Ward
Georgia Bar No. 775401
**Dilworth IP, LLC**
3455 Stratford Road NE, 5th Floor
Atlanta, GA 30326
Telephone: (203) 220-8496
Facsimile:  (203) 220-8497
E-mail: rward@dilworthip.com

Heng Wang (admitted pro hac vice)
Christian Oehm (admitted pro hac vice)
**Heng Wang & Associates, P.C.**
Telephone: (646) 543-5848
E-mail: heng.wang@wanggaolaw.com
E-mail: c.oehm@wanggaolaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing document has been prepared in Times New Roman Font Point-14 in compliance with the N.D. Ga. L.R. 5.1.

By: */s/ Robert M. Ward*
Robert M. Ward

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF of this Court, which will duly serve all counsel of record.

Respectfully submitted, this 21[th] day of May, 2013,


By: */s/ Robert M. Ward*
Robert M. Ward

*Attorney for Defendant*