# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ATLEISURE, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ACE EVERT, INC.  )<br>)<br>Defendant.  )<br>)<br>)<br>_____ ) | CIVIL ACTION<br>NO. 1:12-cv-01260-CAP |

## ACE EVERT'S POST-HEARING STATEMENT AND SUBMISSION OF REBUTTAL EVIDENCE REGARDING ATLEISURE'S MOTION FOR A PRELIMINARY INJUNCTION

### I.   Summary of Submitted Rebuttal Evidence.

Ace Evert respectfully submits the following rebuttal evidence pursuant to the Court's Order of May 22, 2013 (Doc. 88).

1. The Declaration of Mr. Wang, in rebuttal of the testimony of ATLeisure's employees Messrs. Bliss and Browne;

2. Proof, including the Deposition of Mr. Zhao[1], showing that ATLeisure has continued to pursue the present motion for a preliminary injunction after knowing **since February 8** that Ace Evert (the party sought to be enjoined) had **not** made, used, sold or offered for sale the Accuse Instrumentalit(ies) -- and

---

[1] *i.e.*, on the factors of (i) balance of the equities between the parties, and (ii) lack of likelihood of prevailing on the merits.

1

whether in the United States or elsewhere (See, for example, Exhibit A hereof); and

3. The Complaints against Red Star and Yotrio, together with the dismissal documents for those suits -- i.e., to show that these companies are fully available to sell to any potential customer of ATLeisure, free and clear of the patents-in-suit, and that thus ATLeisure's argument for a preliminary injunction (*i.e.,* to prevent its alleged bankruptcy) is a false and entirely unsupported argument (See Exhibits F-1 through F-4 hereof).

## II. **Mr. Wang Rebuts the Unsupported and Speculative Contentions of Messrs. Bliss and Browne**

Of course, the Court is well able to review the evidence of record, to evaluate the interest or bias of the respective witnesses, to consider whether such evidence is corroborated by documentary proof, and generally to assess the weight, if any, to be accorded to the evidence.

In summary, Mr. Wang points out:

1. Ace Evert has never made, sold, offered for sale, used or imported the Accused Instrumentalities into the United States, and thus cannot be found liable for patent infringement under the provisions of 35 USC Section 2171(a);

2. Bed Bath & Beyond and Walmart purchased the Accused Instrumentalities from Ningbo Everluck, **in China,** and such

umbrellas were made **in China**, and shipped **FOB China** by the purchaser(s) Bed Bath & Beyond and later Walmart;

3. ATLeisure lost **the entirety** of its business with Walmart[2] (and not just its umbrella business), and not because of "patent infringers", but instead because of lack of product quality, lack of timeliness in production and shipping, and its financial instability;

4. There is no cognizable "emergency" here, as ATLeisure would not regain its prior umbrella business with Walmart because there are many, many non-infringing substitutes on the market, including products produced by Red Star and Yotrio.

Thus, ATLeisure's tardy (and stale) motion for a preliminary injunction should be denied.

### III.   Equity Should not Aid Those who Have Acted in Bad Faith and with Unclean Hands.

In abject bad faith, ATLeisure has continued to pursue the present motion for a preliminary injunction **after knowing since February 8** that Ace Evert (the party sought to be enjoined) had <u>not</u> made, used, sold or

---

[2] Ominously pointing to a long, blue line drawn on a bar-graph, ATLeisure argued to the Court that it had supposedly "lost" the umbrella business at Lowes, but was forced to admit upon cross-examination that ATLeisure had never had this business at Lowes in the first instance – and thus by definition could not have "lost" such umbrella business.

3

offered for sale the Accuse Instrumentalit(ies) -- and whether in the United States or elsewhere/

The Deposition of Mr. Zhao clearly so reveals.  Thus, the "balance of the equities between the parties" tips strongly **against** ATLeisure, which has not played fairly with the Court.  Moreover, this information further shows a "lack of likelihood of prevailing on the merits", because it shows that Ace Evert cannot be held to have done any of the five (5) types of actions proscribed by 35 USC Section 271(a) -- namely, in the United States making, using, selling, or offering for sale, or importing the accused item(s) into the United States.

### IV.   The Court's Question Answered.

At the Hearing of  May 22, the Court inquired as to when it was that Ace Evert had known that the non-party Yada was an assignee of the patents-in-suit -- and thus is an indispensable party plaintiff.

The license documents that revealed this information for the very first time were produced by ATLeisure on February 14, 2013, and were reviewed on or about February 28, 2013.

## V.     Red Star and Yotrio are Free to Compete

Attached hereto are the Complaints and dismissal documents in the patent law suits brought by ATLeisure and ATLeisure's predecessor-in-title, Southern Patio, against Red Star and Yotiro.

Accordingly, and as to the umbrellas accused of infringement in those proceedings, the dismissals are *res judicata* in this case.  Hence, neither Red Star nor Yotrio may be sued again by ATLeisure on these umbrellas. The result is that both Red Star and Yotrio may continue to sell these umbrellas in the marketplace in competition against ATLeisure.

The importance to the present issues is that ATLeisure's representations to the Court that supposedly (i) ATLeisure is also losing business to "other infringers", and that (ii) Red Star and/or Yotrio are supposedly infringers who are subject to suit, are false.

Of course, what is firmly established by these facts is that ATLeisure's argument that it is supposedly being "put out of business", and allegedly because of "patent infringement", is simply not true.

## Conclusion

As pointed out at the Hearing, ATLeisure's arguments that an injunction by the Court would result in ATLeisure regaining its lost market

share are speculative arguments at best, and in fact appear to be directly contradicted by the evidence of record.

Hence, ATLeisure's arguments that an immediate injunction will somehow solve its quality problems, its production and delivery deficiencies, and its perceived lack of financial responsibility in the trade, are likewise exposed as incorrect and unsupported by any credible and competent evidence.

Wherefore, the pre-emptive relief of a preliminary injunction that ATLeisure inequitably seeks here should be denied, and the same is respectfully urged.

Respectfully submitted, this 28th day of May, 2013,

/s/ *RM Ward*
Robert M. Ward
Georgia Bar No. 775401
**Dilworth IP, LLC**
3455 Stratford Road NE, 5th Floor
Atlanta, GA 30326
Telephone: (203) 220-8496
Facsimile:  (203) 220-8497
E-mail: rward@dilworthip.com

Heng Wang (admitted pro hac vice)
Christian Oehm (admitted pro hac vice)
**Heng Wang & Associates, P.C.**
Telephone: (646) 543-5848
E-mail: heng.wang@wanggaolaw.com
E-mail: c.oehm@wanggaolaw.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the forgoing document has been prepared in Times New Roman Font Point-14 in compliance with the N.D. Ga. L.R. 5.1.

By: */s/ Robert M. Ward*
Robert M. Ward

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF of this Court, which will duly serve all counsel of record.

Respectfully submitted, this 21th day of May, 2013,

By: */s/ Robert M. Ward*
Robert M. Ward

*Attorney for Defendant*