UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLEISURE, INC.,

           Plaintiff,

v.

ACE EVERT INC.,

           Defendant.

CIVIL ACTION NO.

1:12-CV-1260-CAP

**O R D E R**

This matter is before the court on the plaintiff's motion to compel [Doc. No. 65] and the defendant's motion for a protective order [Doc. No. 76].

## I.    Introduction

On April 12, 2012, plaintiff ATLeisure Inc. (ATLeisure) filed this infringement action claiming that patio and outdoor umbrella products manufactured and sold by defendant Ace Evert, Inc. (Ace) infringe various claims of three patents [Doc. No. 1].[1] Ace answered denying infringement, and it counterclaimed for a declaratory judgment of non-infringement and invalidity [Doc. Nos. 12, 23].

---

[1] ATLeisure originally asserted claims under another patent. It dismissed that claim and amended its complaint to assert the three patents described below on June 22, 2012 [Doc. Nos. 19, 20].

Pursuant to this court's local patent rules, ATLeisure filed its infringement contentions on July 5, 2012 [Doc. No. 24]. Both the complaint and the infringement contentions identified a single accused device, the UMB 13 OFFSET LINEN SOLAR LIGHTED RECTANGULAR CANTILEVER UMBRELLA WITH UMBRELLA BASE AND COVER. *Id.* at 2 ("ATLeisure is currently aware of one Accused Instrumentality . . . ."); Am. Compl. ¶ 1 [Doc. No. 20]. Ace filed its response to the infringement contentions on August 15, 2012 [Doc. No. 28]. On September 4, ATLeisure filed a "supplemental" disclosure of infringement contentions [Doc. No. 30], which apparently revised the contentions to identify certain claim elements as governed by 35 U.S.C. § 112(6). Compare [Doc. No. 28, at 3] (stating that "[n]one of the elements are governed by" § 112), with [Doc. No. 30, at 3] (identifying two claims as governed by § 112).

On February 15, 2013, ATLeisure filed the motion to compel at issue now [Doc. No. 65]. The motion asks the court to compel Ace to:

> (1) immediately and fully respond to Plaintiff's First and Second Interrogatories and Requests for Production of Documents; (2) produce an appropriate privilege log or documents improperly withheld but not logged based on purported privileges; (3) produce Interrogatory verifications from an actual officer or agent of Defendant; and (4) Produce a properly-prepared 30(b)(6) representative for deposition on all previously-noticed 30(b)(6) topics in Atlanta, GA.

*Id.* at 1. One of the central issues to the motion to compel is whether ATLeisure can discover information from Ace's parent corporation, Ningbo Everluck Outdoor Products Manufacturing Co., Ltd. (Ningbo Everluck). In Ace's Certificate of Interested Persons and Corporate Disclosure Statement, Ace stated that Ningbo Everluck "owns 100% of [Ace's] stock." [Doc. No. 9 ¶ 1].[2] However, in later filings and in deposition testimony, Ace states that Ningbo Everluck only owns 49% of Ace, while Hang Zhao owns 51%. *See* Def.'s Reply to Mot. for Protective Order 4 [Doc. No. 84]; Zhao Depo. 9:7–13 [Doc. No. 80-1, p. 4].[3] Ace has not amended its Certificate of Interested Persons and Corporate Disclosure Statement. On March 11, 2013, ATLeisure filed a second supplemental disclosure of infringement contentions, identifying two additional accused instrumentalities of which it was "currently aware." [Doc. No. 75, at 2–2].

On March 15, 2013, Ace filed a motion for protective order with respect to ATLeisure's Third Notice to Produce Documents [Doc. No. 76]. Specifically, Ace objects to ATLeisure defining the term "Defendant" as "specifically

---

[2] In a declaration filed with Ace's opposition to the motion for preliminary injunction, Zhaojun Wang identified "Evertrust Group" as the "parent company of subsidiary, Ace Evert," and identified Ningbo Everluck as "one of the Evertrust Group's factories." Wang Decl. ¶¶ 1–2 [Doc. No. 43-1].
[3] Hang Zhao testified that he is the Vice President of Ace, and his cousin Lifeng Zhao is the President. Zhao Depo. 12:1–5 [Doc. No. 80-1].

include[ing] Ningbo Everluc Outdoor Products Manufacturing Co., Ltd., which is either the sole owner of Defendant . . . or a 49% owner of Defendant but nevertheless manufactures the Accused Umbrellas sold under the Ace Evert, Inc. name." *See* Third Req. for Produc. 1–2 [Doc. No. 76-4]. By defining the term "Defendant" in this way, ATLeisure is clearly trying to discover information in the possession of Ace's parent. *See generally* Pl.'s Resp. in O'ppn to Mot. for Protective Order [Doc. No. 80] (arguing Ace is Ningbo Everluck's "alter ego" for purposes of U.S. sales). Additionally, Ace objects to the document requests that relate to any accused product that was *not* identified in the original complaint or the first two of ATLeisure's disclosures of infringement contentions. Ace argues that the court's local patent rules requirement that infringement contentions be disclosed early in the case prevents a party from amending them later to include additional accused devices.

Because the two motions revolve around similar issues, the most efficient way to address the motions is "issue-by-issue" rather than by motions. Ultimately, the court GRANTS IN PART and DENIES IN PART both Ace's motion for a protective order and ATLeisure's motion to compel.

## II.    Analysis

### 1.    *ATLeisure May Amend its Infringement Contentions*

Patent L.R. 4.1 and 4.4 provide that a party claiming infringement shall disclose its infringement contentions within thirty days of filing the joint preliminary report and discovery plan. Patent L.R 4.5(b) provides that a party's disclosure of infringement contentions may "be supplemented or amended pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." Ace never acknowledges Rule 4.5 exists in its attempt to prevent ATLeisure from supplementing its infringement contentions. The court finds the plaintiff was diligent in amending its contentions after discovering the new accused instrumentalities. *See ChemFree Corp. v. J. Walter, Inc.*, 250 F.R.D. 570, 572 (N.D. Ga. 2007) (discussing the standard for amending infringement and invalidity contentions).[4]

### 2.    *ATLeisure May Discover Information Regarding Ace's Parent*

As noted above, there is conflicting information in the record of this case regarding the relationship between Ace and Ningbo Everluck. What does

---

[4] If ATLeisure desires further amendments or supplementation of the infringement contentions, it may consider filing a motion for leave to amend in order to bring any disputes over the appropriateness of such amendment to the court's attention.

not appear to be reasonably in dispute, based on the deposition of Ace's

30(b)(6) representative Hang Zhao, is that Ningbo Everluck directly or

indirectly controls a significant amount of information regarding, and plays

an integral role in, Ace's defense in this action. *See, e.g.*, Zhao Depo. 9:2–3

[Doc. No. 80-1] (stating the documents he reviewed to prepare for the

deposition were "submit [sic] to our lawyer . . . from Ningbo Everluck"); *id.* at

9:25–10:6 (stating that most of the facts on which the counterclaims were

based were "supplied direct from Ningbo Everluck"); *id.* at 22:12–23:11

(stating the chief engineer at Ningbo Everluck, Cheng Zhang, and Ningbo

Everluck's Chinese patent attorneys performed infringement analysis of the

patents at issue); *id.* at 26–27 (discussing how Ningbo Everluck's chief

engineer and patent attorney would know facts regarding an invalidity

defense); *id.* at 29:20–25 (same regarding inventorship defense); *id.* at 31:8–

32:4 (stating Ningbo Everluck's attorney told Ace's Zhao to "arrange [a] . . .

patent lawyer here"); *id.* at 32:20–33:3 (stating that the Ningbo Everluck

team "did the investigation" regarding the inventorship defense); *id.* at

36:14–24 (same, and stating, "I got the information, everything is from Mr.

Wang Zhaojun");[5] *id.* at 38:3–17 (stating that Ningbo Everluck had supplied

---

[5] Wang Zhaojun is "VP of Ningbo Everluck." *Id.* at 23:6–11. This is the same
person who submitted declarations in support of Ace's opposition to the

documents to Ace's counsel); *id.* at 44:9–45:6 (same); *id.* at 40:8–19 (Ace's counsel stating there may be a common interest privilege protecting Ningbo Everluck's counsel's communications); *id.* at 57:24–58:10 (Zhao stating he could not explain the differences between two products, but that Ningbo Everluck's chief engineer could); *id.* at 70:15–71:10 (stating Ningbo Everluck made sales of the accused device directly, so it would have all pricing information, despite the fact that the "Vendor Name" was "Ace Evert"); *id.* at 72:24–25 ("[F]rom the very beginning and [sic] Ace Evert is thought company [sic] of Ningbo Everluck.").

As Ace concedes in its reply brief in support of its motion for protective order, a court may compel production of discovery that originates with a parent company even where the parent company does not "actually control or manage the subsidiary's business." *See* [Doc. No. 84, at 2] (quoting *In re Uranium Antitrust Litig.*, 480 F. Supp. 1138, 1153 (N.D. Ill. 1979)). The court concludes that Ace and Ningbo Everluck, at minimum, cannot refuse to produce information requested merely because Ningbo Everluck possesses the information.

---

motion for preliminary injunction, stating he is "Vice President of Evertrust Group . . . the parent company of subsidiary Ace Evert and general manager of Ningbo Everluck," "Director of Sales for Ace Evert," and directed the research and development of the umbrella at issue. Wang Decl. ¶ 1–2 [Doc. No. 43-1]; Second Wang Decl. ¶ 1 [Doc. No. 89-1].

The court takes no position at this time on whether Ningbo Everluck may ultimately be liable for Ace's acts or whether (as noted in the court's order denying the preliminary injunction) Ace may be liable for Ningbo Everluck's potentially infringing acts. As Ace has repeatedly noted, Ningbo Everluck is not a defendant in this action—at least not at this time. On the other hand, ATLeisure states that it does not believe it is necessary to amend the complaint to add Ningbo Everluck as a defendant "given that Plaintiff [sic, likely the defendant] is fully responsible for the patent infringements as the sole importer, seller and distributer of these products." [Doc. No. 80, at 15]. Nevertheless, the court will not allow these integrally related entities to play a shell game in order to refuse proper discovery requests. Accordingly, Ace's objections to both written discovery requests and the objections made during Mr. Zhao's deposition are overruled, to the extent they rely on the fact that Ningbo Everluck possesses the information sought. Additionally, Ace and Ningbo Everluck must produce a witness competent to testify to facts underlying Ace's affirmative defenses and counterclaims, given that Mr. Zhao was not able to testify as Ace's 30(b)(6) representative and stated Ningbo Everluck possessed the relevant information.[6]

---

[6] Ace's response brief in opposition to the motion to compel argued, among other things, that "[Southern Sales Marketing Group] and the purported

3.   *ATLeisure's Demands for Discovery With Respect to Products It Has Not Accused Are Not Permissible*

Ace objected to numerous discovery requests by ATLeisure on the basis

that they are:

> not proper because they seek discovery of propriety and confidential information relating to *products other than the accused product.* As such, they contravene the purpose of Local Patent Rule 4.1, which requires that patent infringement plaintiff crystallize its infringement contentions at the outset of the case so as to give the defendant proper notice of its contentions and to narrow discovery.

Def.'s Mem. in O'ppn to Mot. to Compel 6–7 [Doc. No. 71] (emphasis added);

*see also* Def.'s Mem in Support of Mot. for Protective Order 5–11 [Doc. No. 76-

1].[7] The local patent rules require a plaintiff asserting patent infringement to

---

inventors are the only entities possessing knowledge with respect to making the alleged invention(s) and the patent procurement process." [Doc. No. 71, at 11–12]. To the extent Mr. Zhao was incorrect in his deposition responses and no one at Ningbo Everluck possesses information regarding the inventorship or on-sale bar defenses Ace asserted, Ace can so state. However, Ace should have had knowledge, information, or belief as to the facts underlying its invalidity defenses. *See* Fed. R. Civ. P. 11(b); *see also* Ace's Disclosure of Invalidity Contentions 13 [Doc. No. 29] ("Ace Evert has received information from viable sources and verily believes that Mr. We Dan Wu had misappropriated the invention of others and fraudulently obtained issuance of the ′492 patent.").

[7] Ace's briefs contain at least one blatant misrepresentation of the authority it cites in support of its argument. It argues, "[T]he level of detail that a plaintiff must provide in its infringement contentions is not conditioned upon discovery from the accused infringer; plaintiffs are required to undertake a rigorous pre-suit investigation." Def.'s Mem in Support of Mot. for Protective Order 6 [Doc. No. 76-1], supposedly quoting "*Parkervision, Inc. v. Qualcomm*

9

identify, in its infringement contentions, "each accused apparatus . . . *of which the claiming party is aware.*" Patent L.R. 4.1(b)(2) (emphasis added). The plaintiff here identified the devices it was aware of at the time it filed the complaint, and supplemented its infringement contentions when it became aware of additional potentially infringing devices. Ace certainly cannot deny discovery related to these devices now. To the extent ATLeisure reasonably believes additional devices infringe its patents, it may move to amend its complaint or its infringement contentions to so state, and then discover information about those devices.

But ATLeisure cannot use the discovery process to determine whether Ace (or Ningbo Everluck) has any other potentially infringing instrumentalities. Whether other devices exist is not relevant to the question

---

*Inc.*, 2012 WL 5458368 (M.D. Fla. August 27, 2012)." In its reply brief, Ace again cites "*Parkervision*" and represents that the quotation above was the court's holding. Reply Br. 8 [Doc. No. 84] ("Plaintiff also ignores the *wisdom of a sister court* in the case of *Parkervision . . . wherein the court held . . . .*" (emphasis added)). However, the citation provided is to a *motion brief* by the defendant in that action, and the quoted language is contained within that motion—not an order or holding by the court. A more accurate and truthful citation might have been: Qualcomm's Motion to Strike/Compel at 12, *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-CV-719-RBD-TEM (M.D. Fla. Aug. 27, 2012), ECF No. 154. *See* The Bluebook: A Uniform System of Citation R. 10.8.3, at 106–07 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010). In fact, the court in that case *never* issued an order addressing the merits of the defendant's argument. *See ParkerVision*, No. 3:11-CV-719-RBD-TEM (M.D. Fla. Nov. 16, 2012), ECF 186 (order terminating the motion without ruling on it).

of whether the devices identified in the complaint and the infringement contentions infringe the patents asserted in this case. It is the plaintiff's role to ascertain, to the best it is able, the presence of infringing products in the market. "[P]laintiffs are usually able to purchase defendants' products and ascertain the mechanics of how those products infringe before plaintiffs bring suit. But, there are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Here, the plaintiff has already entered multiple retail stores, found offset umbrellas it believed infringed its patents, and was able to identify the manufacturer and seller of those devices.[8] Thus, this is the "usual[]" case where the plaintiff can ascertain infringement in the market before bringing suit without the need to use the discovery process to determine what products exist, and the defendant is not in sole possession of the information the plaintiff needs. *See Id.*; *cf. Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.").

---

[8] This identification includes the defendant, its parent, and three other potential infringers discussed at the hearing on the preliminary injunction motion.

11

Accordingly, the defendant's objections to discovery requests that seek information so described are sustained,[9] its motion for protective order is granted to that extent, *see* Def.'s Mem in Support of Mot. for Protective Order 5–7 [Doc. No. 76-1] (objecting to the definition of "Defendant's products" and "Accused Products" in the plaintiff's Third Notice to Produce Documents"), and the plaintiff's motion to compel is denied to that extent, *see* Def.'s Mem. in O'ppn to Mot to Compel 3–8 [Doc. No. 71]. However, the plaintiff's motion to compel is granted, and the defendant's motion for protective order is denied to the extent that the defendant must produce the information requested regarding the accused instrumentalities in the most recent supplemental infringement contentions.[10]

### 4.   *Miscellaneous Issues*

ATLeisure's motion to compel makes reference to improperly verified responses. *See* Pl.'s Mem. in Support of Mot. to Compel 1, 19, 31 [Doc. No. 65-1]. The one sentence in the motion addressing this issue cites to Exhibit 14 of its motion, which provides, in its entirety, "Plaintiff is filing place-holder/slip

---

[9] The court declines to find the defendant waived all objections.

[10] ATLeisure may also consider moving to amend its complaint to allow for assertion of infringement as to devices other than the single, original accused device. The court will not consider a "request" for leave to amend the complaint buried in a footnote far into a response brief to a discovery motion. *See* Pl.'s Resp. in O'ppn to Mot. for Protective Order 17 n.3 [Doc. No. 80].

sheets in lieu of the exhibits referenced in its Motion until such time as it receives Defendant's instruction on how to file its purportedly confidential documents (either under seal or regular filing)." Finding no support for ATLeisure's motion with respect to the "proper verification" of discovery responses, the court denies the motion to compel in that respect.

ATLeisure asks the court to order Ace to clarify any privilege/work product objections to Plaintiff's Requests for Production that do not appear to have corresponding privilege log entries. In response Ace states that the fourteen documents identified in its privilege log are "sufficiently describe[d]." The court disagrees. For example, the following descriptions do not describe the contents of the documents: "Re: Patent 492 infringement claim," "RE: ATL infringement suit," or "Re: Patent 015 claim." *See* [Doc. No. 65-16]. Accordingly, ATLeisure's motion to compel is granted with respect to Ace's clarification of privilege and work product objections.

Because the court has denied the plaintiff's motion to compel in part, the court concludes an award of attorneys' fees and expenses incurred in preparing the motion is not warranted.

### III.   Conclusion

In sum, ATLeisure's motion to compel [Doc. No. 65] and Ace's motion for a protective order [Doc. No. 76] are both GRANTED IN PART and DENIED IN PART.

The court ORDERS Ace to fully respond to ATLeisure's first and second interrogatories and requests for production of documents and ATLeisure's third request for production of documents, and to make a Rule 30(b)(6) witness available for deposition, all consistent with the discussion of the scope of discovery in this order, within the next sixty days. Additionally, Ace must clarify its privilege and work product objections as discussed in ATLeisure's motion to compel. The discovery period is extended by forty-five days to allow the defendant to comply.

**SO ORDERED** this 6th day of June, 2013.

/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge