UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLEISURE, INC., | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:12-CV-1260-CAP |
| ACE EVERT INC., | |
| Defendant. | |

# **O R D E R**

This matter is before the court on the defendant's motion for clarification and modification of expert discovery deadlines [Doc. No. 107]. The defendant seeks clarification on the due dates for expert disclosures, and it requests modification of the present expert disclosure schedule. Pursuant to its order entered on September 10, 2013, the court ordered an expedited briefing schedule. The court has reviewed the parties' briefs.

In its response brief, the plaintiff does not argue that the defendant's understanding of the expert discovery deadlines is incorrect. Rather, the plaintiff argues that discovery schedule should be modified and clarified after the pleadings have been amended as necessary in response to the defendant's pending motions. The plaintiff is correct that there are motions pending in this matter that may necessitate amendment to the pleadings. Further, the

court agrees that that the discovery schedule may need to be modified after the court has ruled on the pending motions.  However, the court declines to adopt the plaintiff's suggested approach.  Even if the pleadings are amended after the parties have completed expert discovery—expert discovery is the issue before the court, not fact discovery—there is a reasonable likelihood that the parties will not need additional expert discovery.

The court finds that the expert discovery schedule set forth in the defendant's letter to the plaintiff [Doc. No. 107-5] is an accurate statement of the expert discovery schedule based on the court's prior orders [Doc. Nos. 83 and 99].  Despite being accurate, the initial disclosure deadline has passed without the parties having completed initial disclosures.  Therefore, the court amends the expert disclosure deadline.  To avoid any further confusion by the parties, the court sets forth the following schedule for expert discovery:

1. The deadline for expert disclosures is Thursday, September 19, 2013.
2. The deadline for expert disclosures for matters on which the opposing party has the burden of proof is Friday, October 4, 2013.
3. The deadline for rebuttal expert disclosures in response to the opposing party's expert disclosures is Monday, November 4, 2013.
4. The deadline for expert depositions is Monday, November 18, 2013.

5. The deadline for *Daubert* motions with regard to expert testimony is Monday, December 16, 2013.

6. The deadline for summary judgment motions is Monday, December 16, 2013.

Per the defendant's request, the court has allowed additional time for the parties to complete rebuttal expert disclosures—thirty-one days rather than the original ten days. The defendant also raises the issue of simultaneous exchange of the initial expert reports. The court notes that the parties are compelled to comply with the schedule set forth above pending any future modifications by the court. If either party refuses to comply with the discovery schedule, the other party should not withhold its own disclosures. Instead, the other party should comply with the discovery deadline and file a proper motion with the court—motion to compel or motion for sanctions.

As a final matter, the court addresses the plaintiff's repeated request that the court determine who the proper parties should be. The plaintiff states in its response brief, "Plaintiff submits that the most logical and economical approach to this situation would be to allow Plaintiff to amend its complaint, **after** the Court has determined who the proper parties should be." Pl.'s Resp. to Def.'s Mot. for Clarification at 4 [Doc. No. 111]. In a response brief to another motion, the plaintiff states, "Plaintiff submits that

3

the only logical approach to the apparent contradiction in Defendant's positions would be to allow Plaintiff to amend its complaint, **after** the Court has determined who the proper plaintiff should be." Pl.'s Resp. to Mot. to Am. Answer at 1–2 [Doc. No. 108]. Construing these statements in the light most favorable to the plaintiff, the court interprets these as requests for the court to rule on the pending motions. However, the court seeks to make clear that it will not independently endeavor to determine the proper parties to this matter. The court's involvement in determining the proper parties is limited to ruling on motions filed with the court. While these rulings may affect who the proper parties should be, it is the parties' responsibility to determine the proper parties. The court will not investigate and determine who the proper parties are in this matter.

Accordingly, the court GRANTS IN PART and DENIES IN PART the defendant's motion [Doc. No. 107]. The parties are ORDERED to comply with the expert discovery schedule set forth in this order.

**SO ORDERED** this 17th day of September, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge